FILED
2022 Feb-18  AM 08:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID HAWTHORNE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 5:21-cv-01278-LCB** |
| | ) |
| SECRETARY OF THE ARMY, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Secretary of the Army's Motion to Dismiss for Lack of Jurisdiction. (Doc. 7). The parties have fully briefed the Motion, and it is ripe for review. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

### I.    Summary of the Facts

Hawthorne was a civilian engineer for the Army at Redstone Arsenal in Huntsville, Alabama. While employed by the Army, Hawthorne filed a formal Equal Employment Opportunity Complaint. On February 24, 2014, Hawthorne executed a negotiated settlement agreement with the Army to resolve his EEO complaint.[1] In August 2015, Hawthorne alleged that the Army was not complying with the agreement's terms and filed a claim of noncompliance with the Equal Employment

---

[1] 5:16-cv-01525-HNJ (Doc. 47 at 5).

Opportunity Compliance and Complaints Review Agency ("EEOCCR").[2] The EEOCCR found that the Army had cured the alleged noncompliance after receiving notice of Hawthorne's complaint.[3]

Despite winning the relief he requested before the EEOCCR, Hawthorne filed suit in this Court on September 14, 2016.[4] The Court dismissed Hawthorne's Amended Complaint without prejudice for lack of subject matter jurisdiction because none of his proffered bases of jurisdiction waived the United States's sovereign immunity.[5] In May 2020, Hawthorne filed another Complaint seeking the 2014 NSA's rescission.[6] This Court again dismissed Hawthorne's Complaint without prejudice for lack of subject matter jurisdiction because none of his proffered bases of jurisdiction waived the United States's sovereign immunity.[7]

In September 2021, Hawthorne filed this case, once again seeking the 2014 NSA's rescission.[8] In his Complaint, Hawthorne directed the Court to his second lawsuit on this matter, 5:16-cv-01525-HNJ, asserting that the Court dismissed his Complaint without prejudice so that he could correct an "error" and refile.[9]

---

[2] *Id.* at 5-6.
[3] *Id.*
[4] 5:16-cv-01525-HNJ (Doc. 1).
[5] 5:16-cv-01525-HNJ (Doc. 47).
[6] 5:20-cv-00638-LCB (Doc. 1).
[7] 5:20-cv-00638 (Doc. 31).
[8] (Doc. 1).
[9] *Id.* at 14.

## II.     Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of an action for lack of subject-matter jurisdiction. Under this rule, movants may raise two types of challenges to subject-matter jurisdiction: facial attacks and factual attacks. *See Murphy v. Sec'y, United States Dep't of the Army*, 769 Fed. App'x. 779, 781 (11th Cir. 2019). In a facial attack, the Court looks to the complaint to see whether the plaintiff has sufficiently alleged a basis for subject-matter jurisdiction. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.3d 507, 511 (5th Cir. 1980)). When ruling on a factual attack, the Court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In those instances, the Court need not view the facts in the light most favorable to the plaintiff. *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009); *see also Murphy*, 769 Fed. App'x. at 781.

## III.     Discussion

Hawthorne's Complaint includes four bases for jurisdiction. All four rely on federal question jurisdiction under 28 U.S.C. § 1331. First, Hawthorne asserts that this Court has subject matter jurisdiction over his claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Hawthorne next repeats his contentions that this Court has jurisdiction under either the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, or the Administrative Procedure Act, 5 U.S.C. §§ 702, 706 *et seq.* in combination with

28 U.S.C. § 1331. The Court finds that it does not have jurisdiction to consider Hawthorne's claim under any proffered basis.

## A. The Little Tucker Act

The Court does not have jurisdiction to adjudicate Hawthorne's claim under the Little Tucker Act because he asks for equitable relief. The Act grants district courts original jurisdiction over

> [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2). But the jurisdictional grant is not boundless. "In order for a claim to be brought under either the Tucker Act or the Little Tucker Act, the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances not at issue here." *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007) (citing *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004)).

Hawthorne's claim is for equitable relief. He seeks only the NSA's rescission. Most importantly, in his Complaint, Hawthorne admits that "[i]t is equitable non money [sic] damages request for relief." (Doc. 1 at 5). Therefore, because he requests equitable relief, Hawthorne cannot bring his claim under the Little Tucker Act.

In his Sur-Reply, Hawthorne attempts to side-step the Act's limited jurisdictional grant by arguing that he requested monetary relief in the amount of $0.00. First, Hawthorne puzzlingly argues that his claim "is not entirely non-monetary . . . . [sic] I also asked for recission [sic] of the NSA." (Doc. 10 at 14). But it is a fundamental and basic contract law principle that rescission is an equitable remedy. *See, e.g., Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 325 (1999).

Next, Hawthorne advances an argument that can generously be described as unique. He asserts that his claim has always included monetary relief because he asks for 0 dollars. And, in his own words, "the legislature never exacted that 0 is not a number, meaning that 0 dollars is not an amount of value, where 0 has a value of not being negative. The fact of the matter is . . . [sic] although I ask for relief in equity . . . [sic] I also ask for 0 dollars." (Doc. 10 at 14) (ellipses in original).

At no point in his Complaint does Hawthorne ask for monetary relief of 0 dollars. In fact, as mentioned above, Hawthorne explicitly stated that "[i]t is equitable non money [sic] damages request for relief." (Doc. 1 at 5). So, Hawthorne's argument now either directly contradicts his own Complaint or is an attempt to amend. Assuming Hawthorne is attempting to amend his Complaint, the Court cannot and will not consider the amendment. *See, e.g.*, *Huls v. Llabona*, 437 Fed. Appx. 830, 832 n. 5 (11th Cir. 2011) ("Because Huls raised this argument for

5

the first time in his response to Llabona's motion to dismiss, instead of seeking to

file an amended complaint, pursuant to Fed. R. Civ. P. 15(a), it was not properly

raised") (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir.

2004)); *Beavers v. City of Atlanta*, 2015 WL 1509485 at 9-10 (N.D. Ga. Mar. 31,

2015). As such, the Court declines to address the merits of this mathematical

proposition or to join Hawthorn in philosophizing about the existential value of

zero—as tempting as the latter might be.

### B.      Previously Litigated Grounds for Jurisdiction

The Court does not have jurisdiction over Hawthorne's claim under the other

bases he advances because the Court is bound by res judicata. In addition to the Little

Tucker Act, Hawthorne contends that this Court has jurisdiction to adjudicate his

claim under a combination of 28 U.S.C. §§ 1331, 1343, the Declaratory Judgment

Act, or the Administrative Procedure Act. But the Secretary points out the parties

litigated these bases in Hawthorne's previous case, *Hawthorne v. McCarthy*, 5:20-

cv-00638-LCB. Specifically, the Secretary alleges that this Court, in the Order

Dismissing Case at 5-20-cv-00638-LCB (Doc. 31), ruled on the bases asserted by

Hawthorne in this case. Accordingly, the Secretary argues that issue preclusion bars

relitigating these bases. Hawthorne does not meaningfully respond to this argument

in either brief.

Under res judicata's issue preclusion wing, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). While judgments not on the merits are not usually given preclusive effect, subject matter jurisdiction decisions are binding on future litigation. *See American Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932) (Finding that "the principles of res judicata apply to questions of jurisdiction as well as to other issues."); *see also N. Ga. Electric Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432-33 (11th Cir. 1993) ("[W]hile the first suit does not bar North Georgia from challenging the validity of the City's Tax, it does bar relitigation of the jurisdictional question."); *Rubaii v. Lakewood Pipe of Tex., Inc.*, 695 F.2d 541, 543 (11th Cir. 1983); *Estevez v. Nabers*, 219 F.2d 321, 323-24 (5th Cir. 1955).[10] Accordingly, if the previous decision on these jurisdictional issues meets the requirements for res judicata, it will have preclusive effect.

In this Circuit, issue preclusion requires that: (1) the issue must be identical to the one in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the prior judgment; and (4) the party against whom the earlier

---

[10] Fifth Circuit decisions before September 30, 1981, are binding precedent on all courts in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

7

decision is asserted must have had a full and fair opportunity to litigated the issue. *Islam v. DHS*, 997 F.3d 1333, 1341 (11th Cir. 2021). The Court finds that all four requirements satisfied in this case.

First, the issues the Court adjudicated in the prior case are identical to the issues in this case. In the prior case, Hawthorne asserted the Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, the Declaratory Judgment Act at 28 U.S.C. §§ 2201, 2202, and the Administrative Procedure Act at 5 U.S.C. §§ 702, 706 *et seq*. 5:20-cv-00638-LCB (Doc. 1 at 3). In this case, Hawthorne contends this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, the Declaratory Judgment Act at 28 U.S.C. §§ 2201, 2202, and the Administrative Procedure Act at 5 U.S.C. §§ 702, 706 et seq. (Doc. 1 at 3). Further, and importantly, Hawthorne admits in his Complaint that the facts and jurisdictional assertions are identical to his prior case. (Doc. 1 at 14). Thus, the issues are identical to those properly adjudicated in the prior case.

Second, the Court finds that the issues were actually litigated in the prior proceeding. On September 1, 2020, the Secretary filed a Motion to Dismiss in part on grounds that the Court lacked subject matter jurisdiction over Hawthorne's claims. 5:20-cv-00638-LCB (Doc. 12). The Secretary challenged the Court's jurisdiction under Rule 12(b)(1) because 28 U.S.C. §§ 1331, 1343, the Declaratory Judgment Act, and the Administrative Procedure Act are not independent bases of jurisdiction. *Id.* at 9-12. The parties submitted comprehensive briefs on the

jurisdictional issues. 5:20-cv-00638-LCB (Docs. 12, 13, 17). In short, the parties argued the issues thoroughly before the Court. Thus, the issues were actually litigated in the prior proceeding.

Third, the Court finds that determining the issues was a critical and necessary part of the prior judgment. Indeed, determining the jurisdictional issues was the *sole* basis of the prior judgment. *See* 5:20-cv-00638-LCB (Doc. 31). Clearly and obviously the third prong of the issue preclusion analysis is satisfied here.

Fourth, the Court finds that Hawthorne had a full and fair opportunity to litigate the issue in the prior proceeding. As explained above, the Secretary filed a Motion to Dismiss which, in large part, put the jurisdictional issue directly before the Court. 5:20-cv-00638-LCB (Doc. 12 at 9-12). And more importantly, Hawthorne took full advantage of his opportunity to respond and argue the jurisdictional issue before the Court. 5:20-cv-00638-LCB (Doc. 13 at 5-6). Put simply, the Secretary put the issue squarely before the Court, and Hawthorne argued the specific issue without restriction. Thus, Hawthorne had a full and fair opportunity to litigate the jurisdictional issue in the prior proceeding.

Because all four requirements for issue preclusion are satisfied, the Court must give this Court's prior adjudication of the jurisdictional issues preclusive effect under res judicata. Accordingly, the Court is bound by its prior decision and finds that it lacks jurisdiction over Hawthorne's claims.

## C.     Dismissal Under 12(b)(1)

Because the Court has no jurisdictional basis to hear Hawthorne's claim, dismissal under Rule 12(b)(1) is proper. To be sure, "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)). But Hawthorn should not view this dismissal—or the previous dismissals—as an invitation to amend and refile his complaint. This is the third time that a court has dismissed Hawthorne's claim seeking the NSA's rescission. The Court warns Hawthorne that, should he continue filing repetitive and meritless litigation, the Court may find that he is a vexatious litigant and impose monetary and/or non-monetary sanctions against him.

## IV.     Conclusion

For the foregoing reasons, the Secretary's Motion to Dismiss (Doc. 7) is **GRANTED**, and all claims against the Secretary are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this February 17, 2022.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE